Colonel Don Melton, Director Arkansas State Police #1 State Police Plaza Drive Little Rock, Arkansas 72209
Dear Colonel Melton:
I am writing in response to your request for an opinion on whether certain requests for criminal history checks received by the Arkansas State Police must be accompanied by a notarized form before the criminal history information can be released. Specifically, your question refers to criminal history information requested by private contractors on behalf of the federal government. You state "in the late 1990's, the branch of the federal government that conducts background checks for potential federal employees was disbanded. The background checks were then (and still are) contracted out to private employers/investigators. . . ." You ask me to assume for purposes of your request that the contractor has a valid contract with the federal government. You note that "the federal government has obtained a release from the subject upon whom the background check is to be conducted. The release is not notarized . . . and is usually a standard federal form that releases information to any investigator, special agent, or other duly accredited representative of the authorized Federal agency. . . ." You relay that the "federal government forwards the background check file to the contractor," who then "presents the unnotarized release to our office attempting to obtain Arkansas criminal history information on the subject."
You reference two provisions of state law (A.C.A. § 21-15-107(d) (Supp. 2001) and A.C.A. § 12-12-1009) and one provision of federal law (5 U.S.C. § 9101 (Supp. 2002)) in your request. You pose the following questions:
 1. Does 5 U.S.C. § 9101 preempt state law concerning requirements of a notarized signature for the release of Arkansas criminal history information for non-criminal justice purposes?
 2. If the federal law does preempt the state law, are the private contractors included with the enumerated federal agencies in the federal law and are not required to provide a notarized signature?
 3. If the federal law does not preempt state law, is the Arkansas State Police required by Ark. Code Ann. § 21-15-107 to obtain a notarized signature on the request for criminal history forms that come from the private contractors or may some other form of validation of signature be used?
RESPONSE
In my opinion state law does not require a notarized release form for any background checks except those conducted under A.C.A. §§ 21-15-101 to -110 (Supp. 2001) (requiring background checks for certain state
employments). The federal requests for criminal history information you describe are not conducted under this Arkansas subchapter and thus, a notarized request is not required by state law for those requests. It is therefore unnecessary to answer your first question concerning federal preemption of state law. In response to your second question, again, state law does not require a notarized form for these requests. The relevant statute is A.C.A. § 12-12-1009(a)(1) and (2). It states that conviction information shall be made available to any local, state or federal government agency that requests the information for the enforcement of law and to any nongovernmental agency authorized by the record subject in writing. Section 12-12-1009 does not require a notarized form. If the federal government has a valid contract with the contractor, as you have asked one to assume, and the federal government and/or contractor has the written consent of the subject (as required by federal law), in my opinion the contractor is entitled to the information without a notarized form.
Question 1 — Does 5 U.S.C. § 9101 preempt state law concerningrequirements of a notarized signature for the release of Arkansascriminal history information for non-criminal justice purposes?
In my opinion it is unnecessary to address the preemption issue, because state law, namely A.C.A. § 21-15-107(d)(1), which requires a notarized form for the release of criminal history information, does not apply to the requests you describe. This statute is found in a subchapter of the Arkansas Code that requires criminal background checks for persons applying for state employment in certain "designated position[s]." These positions include ones providing care, supervision or treatment to the elderly, the mentally ill, the developmentally disabled and to children.See A.C.A. § 21-15-101(4). Section 21-15-102 provides that "when a person applies for employment with a state agency in a designated position and if the state agency intends to make an offer of employment to the applicant, the applicant shall complete a criminal history check form and a central registry check form. . . ." A.C.A. § 21-15-102(a)(1)(A). The state agency must then forward the criminal history check form to the Identification Bureau of the Arkansas State Police and request a criminal history check. A.C.A. § 21-15-102(a)(1)(B)(i)(a).
You reference A.C.A. § 21-15-107(d)(1), a provision of this subchapter, which provides that: "The Identification Bureau of the Department of Arkansas State Police shall develop a form to be used for criminal history checks conducted under this subchapter. The form shall require the notarized signature of the person who is subject of the check." (Emphasis added). In my opinion this requirement pertains only to the criminal history checks conducted under A.C.A. §§ 21-15-101 to -110 (i.e. state employment "designated position" background checks). It has no applicability to the criminal history checks the Bureau conducts for other reasons and from other sources.
The federal law you mention, 5 U.S.C. § 9101, provides that "upon request by the head of a covered agency, criminal justice agencies shall make available criminal history record information regarding individuals under investigation by that covered agency for the purpose of determining eligibility for . . . (A) Access to classified information[;] (B) Assignment to or retention in sensitive national security duties[;] (C) Acceptance or retention in the armed forces[;] [and] (D) Appointment, retention, or assignment to a position of public trust or a critical or sensitive position while either employed by the Government or performing a Government contract." 5 U.S.C. § 9101(b)(1) (Supp. 2002). A "covered agency" is the Department of Defense; Department of State; Department of Transportation, Office of Personnel Management; the Central Intelligence Agency or the Federal Bureau of Investigation. 5 U.S.C. § 9101(a)(6). "Criminal justice agency" includes "any Federal, State or local agency . . . which performs the administration of criminal justice. . . ." State criminal justice agencies such as the Arkansas State Police are therefore required by this federal law to "make available" criminal history record information when so requested by the head of a covered agency.
Subsection (c) of 5 U.S.C. 9101 provides that: "[a] covered agency shall not obtain criminal history record information pursuant to this section unless it has received written consent from the individual under investigation for the release of such information for the purposes set forth in paragraph (b)(1)." Federal law thus requires the "written consent" of the individual in question, but does not contain any requirement that the consent be notarized.[1]
Subsection (b)(4) of the same statute states that: "[t]his subsection shall apply notwithstanding any other provision of law or regulation of any State or of any locality within a State, or any other law of the United States." To the extent any conflict existed with state law, therefore, federal law would prevail. In my opinion, however, state and federal law are not in conflict with regard to the requests you describe. Again, the notarization requirement is contained in A.C.A. §21-15-107(d)(1), and it does not apply to the requests received from the federal government or it's contractors.
The applicable state statute, in my opinion, is A.C.A. § 12-12-1009
(Repl. 1999). It provides in pertinent part that:
 (a) Conviction information shall be made available for the following noncriminal justice purposes:
 (1) To any local, state, or federal governmental agency that requests the information for the enforcement of a local, state, or federal law;
 (2) To any nongovernmental entity authorized either by the record subject in writing or by state or federal law to receive such information; and
 (3) To any federal agency or central repository in another state requesting the information for purposes authorized by law.
(Emphasis added).
In my opinion, this statute authorizes the release of conviction information to the federal government agency or its authorized contractor without a notarized consent form. There is no requirement in A.C.A. §12-12-1009 that the consent form be notarized. In fact, this statute grants access even to nongovernmental entities, if they have the authorization of the subject in writing. Notwithstanding the private contractor's relationship with the federal government, therefore, if the contractor has the written consent of the subject, the contractor is entitled to receive conviction information. Again, the notarization requirement only pertains to requests made under A.C.A. § 21-15-101 to -110, in connection with state employment in "designated positions." Because the notarization requirement of A.C.A § 21-15-107(d)(1) does not apply to requests made by federal contractors requesting information about federal job applicants, it is unnecessary to address the preemption question you pose. State law does not require a notarized form for these requests.
Question 2 — If the federal law does preempt the state law, are theprivate contractors included with the enumerated federal agencies in thefederal law and are not required to provide a notarized signature?
It is unnecessary to answer this question in light of my response above.
Question 3 — If the federal law does not preempt state law, is theArkansas State Police required by Ark. Code Ann. § 21-15-107 to obtain anotarized signature on the request for criminal history forms that comefrom the private contractors or may some other form of validation ofsignature be used?
No. A notarized signature is not required. See responses above.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] This federal law does not address the authority of federal government "contractors" to request such information. You have asked me to assume a valid contract exists between the contractor and the federal government. The individual contractor documents may be relevant in determining whether a contractor request for criminal history information is tantamount to a request from the "head of a covered agency."